IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSIE ZIMMET,

      Plaintiff,

v.                                                              No.: 1:18-cv-00040

CIBOLA GENERAL HOSPITAL, and
MARIA ATENCIO, as an individual,

      Defendants.

## NOTICE OF REMOVAL

COME NOW Defendants Cibola General Hospital and Maria Atencio ("Defendants"), by and through their attorneys, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Jennifer A. Noya and Anna E. Indahl) and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, file this Notice of Removal to remove the above-captioned case from the Eighth Judicial District Court, County of Taos, State of New Mexico, to the United States District Court for the District of New Mexico. As grounds for removal, Defendants state as follows:

    1.    On or about January 25, 2017, Jessie Zimmet ("Plaintiff") commenced this action against Defendants by filling a case styled *JESSIE ZIMMET V. CIBOLA GENERAL HOSPITAL AND MARIA ATENCIO* in the State of New Mexico Eighth Judicial District Court bearing Cause No. D-820-CV-2017-00040 ("Complaint").

    2.    Defendants were never served with the Complaint.

    3.    On December 1, 2017, the Court entered a Disposition Order for Lack of Prosecution of Plaintiff's Complaint.

    4.    On or about December 6, 2017, Plaintiff filed a motion to reinstate her case, which was granted by the state court on December 7, 2017.

5. On December 7, 2017, Plaintiff filed her Amended Complaint against Defendants in the same case.

6. On December 11, 2017 a summons was issued from the State District Court.

7. Plaintiff served her Amended Complaint onto Defendants on December 18, 2017.

8. As more fully set forth below, this case is properly removed to this Court because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## I. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

9. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it is being filed within thirty days after Plaintiff completed service of the Amended Complaint on Defendants on December 18, 2017. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1328, 143 L.Ed. 2d 448 (1999) (a defendant's period of time for removal will be no less than 30 days from formal service, not simply receipt of complaint); *Stark-Romero .v National R.R. Passenger Co.*, 763 F. Supp. 2d 1231, 1249 (D.N.M. 2011), *citing Murphy Bros.* ("informal service based on a 'courtesy copy' of the file-stamped complaint did not start the thirty-day removal period").

10. Pursuant to 28 U.S.C. § 1446(a) and D.N.M. LR-Civ. 81.1(a), a copy of all process and pleadings served on Defendants in this action is attached hereto as Exhibit A.

11. No previous application has been made for the relief requested herein.

12. No responsive pleadings to Plaintiff's Complaint or Amended Complaint have been filed in the state court action and no other parties have appeared in that proceeding.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Eighth Judicial District Court, County of Taos, State of New Mexico.

14. All Defendants consent to the removal of this action.

## II.   FEDERAL QUESTION JURISDICTION IS PRESENT

15. Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally. *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

16. One category of cases over which the district courts have original jurisdiction is "federal question" cases; that is, those cases "arising under the Constitution, laws, or treaties of the United States." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, (1987) (quoting 28 U.S.C. § 1331).

17. Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983); *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012).

18. Plaintiff's Amended Complaint alleges violations of the Americans with Disabilities Act ("ADA").  Amended Complaint, attached hereto as Exhibit 1, ¶¶ 31-39. Therefore Plaintiff has alleged a claim arising under federal law, and therefore, removal is proper under federal question jurisdiction. 28 U.S.C. § 1331.

19. Defendants deny all claims for relief and will timely file a responsive pleading with this Court pursuant to Fed.R.Civ.P. 81(c).

20. WHEREFORE, Defendants respectfully remove this action from the Eighth Judicial District Court, County of Taos, State of New Mexico, bearing cause No. D-820-CV-2017-00040, to the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.  Should any question arise as to the propriety of this removal, these Defendants respectfully request an opportunity to provide briefing and oral argument.

          MODRALL, SPERLING, ROEHL, HARRIS
            & SISK, P.A.


By: /s/ Anna E. Indahl
    Jennifer A. Noya
    Anna E. Indahl
    500 Fourth Street NW, Suite 1000
    P.O. Box 2168
    Albuquerque, New Mexico  87103-2168
    Telephone: 505.848.1800
    *Attorneys for Defendants*

WE HEREBY CERTIFY that on the 12th day of January, 2018, we filed the foregoing electronically through the CM/ECF system and served the following counsel via electronic mail:

    Alan H. Maestas
    Kathryn J. Hardy
    ALAN MAESTAS LAW OFFICE, P.C.
    224 Cruz Alta Road, Suite H
    Taos, NM 87571
    alan@alanslaw.com
    kathryn@taoslegal.com

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: /s/ Anna E. Indahl
   Anna E. Indahl

*W3121675.DOCX*