# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JESSIE ZIMMET,

    Plaintiff,

v.                                                                              No. 1:18-cv-00040 RB-KK

CIBOLA GENERAL HOSPITAL, and
MARIA ATENCIO, *as an individual*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 5), Plaintiff's Notice of Dismissal of her Discrimination Claim Under Americans with Disabilities Act (Doc. 11), Plaintiff's Motion Requesting Remand of the Remaining State Claims to State Court (Doc. 12), and Plaintiff's Motion for Leave to Amend her First Amended Complaint, to Withdraw all Federal Claims Against all Defendants, Filed in the Alternative to Plaintiff's Notice of Voluntary Dismissal (Doc. 16). Jurisdiction arises under 28 U.S.C. § 1331.

Having considered the submissions of counsel and relevant law, the Court will grant in part Defendants' motion to dismiss (Doc. 5), strike Plaintiff's notice of dismissal as void (Doc. 11), grant Plaintiff's motion for remand (Doc. 12), and deny Plaintiff's motion for leave to amend (Doc. 16).

## I. Factual and Procedural Background[1]

Ms. Jessie Zimmet (Plaintiff), who had recently been hired to work at Defendant Cibola General Hospital (the "Hospital"), took a pre-employment drug screen on November 7, 2015. (Doc. 1-A at 29–38 ("FAC") ¶ 8.) Ms. Marcia Chavez, the Hospital's Human Resources Director, called Plaintiff on November 16, 2015, and told her that Plaintiff had tested positive on the drug screen for a muscle relaxant. (*Id.*) Plaintiff explained that she "had been treated for a recent fall" and would provide the hospital with "a note from her pharmacy provider regarding [her] use of Lortab and Percocet . . . ." (*Id.* ¶ 9.) Plaintiff informed Ms. Chavez that "the only medications [she took] by mouth on a daily basis were Cymbalta and Lyrica 'for neuropathy.'" (*Id.*) Plaintiff and Ms. Chavez agreed that Plaintiff would retake the drug screen on November 30, 2015. (*Id.*)

Plaintiff began working in the Hospital's recovery room. (*See id.* ¶ 10.) On December 11,[2] 2015, Plaintiff met with Ms. Chavez and Ms. Maria Atencio, CO-CNO[3] of the Hospital. (*Id.*) Ms. Chavez and Ms. Atencio gave Plaintiff the Employee Counseling Form and Drug and Alcohol policy and informed her that her second drug screen had also come back positive for "barbiturates." (*Id.* ¶ 11.) Plaintiff was confused as to why she tested positive for barbiturates and explained that perhaps it was the "compound medication 'Fiorinal,' taken for migraine

---

[1] The facts in this section are taken from Plaintiff's First Amended Complaint for Damages for Unlawful Termination for Discrimination in Violation of the New Mexico Human Rights Act, the ADA and Wrongful Termination Against Public Policy (Doc. 1-A at 29–38 ("FAC")), the exhibits attached to the First Amended Complaint (Doc. 1-A at 39–44 ("Docs. 1-A-A; 1-A-B; 1-A,C")), Plaintiff's Charge of Discrimination Form (Doc. 5-A), Plaintiff's affidavit (Doc. 12-A), and two documents related to the state court case (Docs. 12-B; 12-C.). The Court accepts the allegations in the First Amended Complaint as true and recites them in a light most favorable to Plaintiff.

[2] Plaintiff lists this date as December 12, 2015 in her First Amended Complaint. (*See* FAC ¶ 10.) Plaintiff admits, however, that it is clear from the Employee Counseling Form that she was terminated on December 11, 2015. (*See* Docs. 1-A-C at 42; 12 at 1.)

[3] Plaintiff does not define this acronym.

headaches on an 'as needed' basis." (*Id.* ¶¶ 11–12.) Plaintiff's medical diagnoses included migraine headaches and Reflex Sympathetic Dystrophy Syndrome. (*Id.* ¶ 12.) Plaintiff told Ms. Chavez and Ms. Atencio that she could work with her physician to find a medication for her migraines that did not contain a barbiturate, a solution which would comport with the Hospital's Drug and Alcohol policy. (*Id.* ¶ 13.) Ms. Atencio informed Plaintiff, however, that the Hospital "has a 'zero tolerance' for drug use[,] and" Plaintiff's two positive drug screens "were grounds for termination regardless of any supportive reason, without exemption." (*Id.* ¶ 13.) The Hospital refused to consider or offer any accommodation and summarily terminated Plaintiff effective immediately, on December 11, 2015. (*See id.* ¶ 18; *see also* Doc. 1-A-C.)

On October 7, 2016, 301 days after she was terminated, Plaintiff filed a Charge of Discrimination form with the New Mexico Department of Workforce Solutions, Human Rights Bureau ("NMHRB"), alleging discrimination based on disability in violation of the ADA and the New Mexico Human Rights Act ("NMHRA"). (*See* Doc. 5-A.) In the "Statement of Harm" section, Plaintiff stated: "I was terminated from my employment for reasons related to my disabilities, required mediation [sic], and unfair policies by my former employer that discriminated against me regarding my disabilities and required medications." (*Id.* at 1.) The NMHRB issued an Order of Non-Determination on October 14, 2016, notifying Plaintiff that it had closed her complaint brought pursuant to the NMHRA, and she was free to appeal the "Order of Non-Determination to the proper district court." (Doc. 1-A-A.) Plaintiff received a Notice of Right to Sue from the EEOC regarding her claim under the Americans with Disabilities Act (ADA) on November 28, 2016. (Doc. 1-A-B.)

Plaintiff attempted to file a notice of appeal and complaint in the Eighth Judicial District Court, County of Taos, State of New Mexico, on January 17, 2017. (*See* Docs. 12-B at 1; 12-C at

2.) The state court rejected Plaintiff's complaint for deficiencies on January 18, 2017. (Doc. 12-B at 2.) Plaintiff successfully refiled the complaint on January 25, 2017. (*See* FAC at 1.) Plaintiff then filed her First Amended Complaint on December 7, 2017. (*See id.* at 29.) Defendants removed the First Amended Complaint to this Court on January 12, 2018. (*See* Doc. 1.)

Defendants filed their motion to dismiss on January 19, 2018. (Doc. 5.) The parties held a meet-and-confer meeting on February 6, 2018, in which Plaintiff's attorney learned for the first time that Defendants had filed a motion to dismiss. (*See* Docs. 6; Doc. 11 at 2.) Plaintiff asserts that her attorney did not receive an electronic notice of the motion to dismiss, because CM/ECF listed outdated email addresses for both of her two attorneys and their paralegal. (Doc. 11.) On the date of the parties' meet-and-confer, the parties filed a Joint Motion to Stay Pending Resolution of Defendants' Motion to Dismiss. (*See* Doc. 6.) In this motion, the parties acknowledge that "Plaintiff's Response to the Motion to Dismiss was due on February 2, 2018[,]" but "Plaintiff requested an extension of time to file a Response until February 14, 2018, which was agreed to by Defendants." (*Id.* at 1.) Plaintiff never filed a response to Defendants' motion to dismiss on or after February 14, 2018. Instead, Plaintiff filed a "Notice of Dismissal of her Discrimination Claim under Americans with Disabilities Act" on February 23, 2018 (Doc. 11), a motion to remand on February 23, 2018 (Doc. 12), and a motion to amend on April 3, 2018 (Doc. 16).

II. **The Court will grant Defendants' motion to dismiss in part and will grant Plaintiff's motion to remand.**

Before turning to the substance of the parties' motions, the Court will address Plaintiff's untimely request to file a response to Defendants' motion to dismiss. (*See* Doc. 12 at 1 ("If this Court denies Plaintiff's motion to remand, Plaintiff requests . . . leave to file her substantive

response to Defendants' Motion to Dismiss . . . ."). Plaintiff admits that she "received all pleadings filed in federal court before and after the Motion to Dismiss[,]" but she did not receive the motion to dismiss itself. (*See* Doc. 11 at 1 & 2 n.1.) Plaintiff blames Defendants and argues without citing to authority that it was Defendants' burden to maintain current contact information for *Plaintiff's* attorneys. (Doc. 18 at 2.) Plaintiff is incorrect. Plaintiff's attorneys are responsible for updating their own contact information. *See* CM/ECF Admin. Procedures Manual at 6, Section III(d)(6) ("The Participant is responsible for maintaining and promptly updating account information when changes occur. Maintaining account information is described in the CM/ECF Attorney User Manual.").

More importantly, Plaintiff admits that she received notice of Defendants' motion to dismiss during a meet-and-confer with Defendants' attorneys on February 6, 2018. (*Id.* at 2.) But rather than file a response, Plaintiff waited an additional 17 days before filing her "Notice of Dismissal" and her motion to remand. (*See* Docs. 11; 12.) Because of this additional delay, the Court would have denied Plaintiff's request to file a response. It makes no difference, however, as the Court will grant Plaintiff's motion to remand, and a substantive response is unnecesary. While Plaintiff's request may be denied as moot, the Court advises Plaintiff's attorneys to read the Court's Local Rules and Orders so that they will be better prepared to litigate cases in this Court in the future.

### A. Legal standard for motion to dismiss for failure to exhaust administrative remedies.

Defendants bring their motion to dismiss pursuant to Rule 12(b)(1)[4] and argue that

---

[4] Defendants also moved to dismiss pursuant to Rule 12(b)(5), alleging insufficient service of process. (*See* Doc. 5 at 10–12.) The Court need not reach the issue of service of process, however, as it has declined to exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff has failed to exhaust the administrative remedies for her claims brought under the ADA and the NMHRA, thus depriving this Court of jurisdiction to hear her claims. (*See* Doc. 5 at 5–9.) While not discussed by the parties, the Court pauses to note that the question of whether exhaustion of administrative remedies is jurisdictional is somewhat in flux in the Tenth Circuit. *See Wickware v. Manville*, 676 F. App'x 753, 767 n.4 (10th Cir. 2017) (acknowledging that the Tenth Circuit has recently called into question whether "exhaustion of administrative remedies is a jurisdictional prerequisite to suit" in Title VII and ADA cases) (citations omitted); *see also Martinez v. Sw. Cheese Co., L.L.C.*, No. CV 12-660 KG/WPL, 2014 WL 11430955, at *5 (D.N.M. July 10, 2014), *aff'd sub nom.*, 618 F. App'x 349 (10th Cir. 2015) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("timeliness of Title VII charge of discrimination is not jurisdictional prerequisite"); *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) ("failure to exhaust Title VII administrative remedies is jurisdictional prerequisite"); *Slusser v. Vantage Builders, Inc.*, 306 P.3d 524 (N.M. Ct. App. 2013) ("treating NMHRA 300 day period as statute of limitations, like *Zipes* did in concluding timeliness of charge of discrimination is not jurisdictional"); *Mitchell-Carr v. McLendon*, 980 P.2d 65, 71 (N.M. 1999) ("under NMHRA, exhaustion of administrative remedies is jurisdictional prerequisite to filing lawsuit")). As in *Wickware*, the Court need not address the issue head-on in this case, because "[t]he [jurisdictional *vel non*] characterization is important . . . only when the defendant has waived or forfeited the issue . . . ." *Wickware*, 676 F. App'x at 767 n.4 (quoting *McQueen ex rel. McQueen v. Colo. Springs. Sch. Dist. No. 11*, 488 F.3d 868, 873 (10th Cir. 2007) (internal citation omitted)). Because Defendants have properly presented the question of exhaustion for decision, the Court considers exhaustion to be "a condition precedent to suit" and may dismiss Plaintiff's claims for lack of subject matter jurisdiction under a 12(b)(1) standard if she has failed to

exhaust her administrative remedies. *See id.*; *see also Martinez*, 2014 WL 11430955, at *5 ("In both NMHRA and Title VII cases, the timely filing of a charge of discrimination is a 'prerequisite to a civil suit.'") (citing *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003) (Title VII case); *Mitchell-Carr v. McLendon*, 980 P.2d 65, 71 (N.M. 1999) (NMHRA case)); *Cirocco v. McMahon*, 294 F. Supp. 3d 1086, 1092–94 (D. Colo. 2018) (examining the state of the law on whether exhaustion of administrative remedies is a jurisdictional prerequisite to suit, and concluding that it is appropriate to apply the Rule 12(b)(1) standard).

Motions to dismiss under Rule 12(b)(1) "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1265 (D.N.M. 2011) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (internal citations omitted)). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true." *Id.* (quoting *Alto Eldorado Partners v. City of Santa Fe*, No. Civ. 08-0175 JB/ACT, 2009 WL 1312856, at *8 (D.N.M. Mar. 11, 2009), *aff'd*, 634 F.3d 1170 (10th Cir. 2011) (internal citations omitted)).

"But when the attack is factual, a district court may not presume the truthfulness of the complaint's factual allegations" and may "allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 [summary-judgment] motion." *Id.* (quoting *Alto Eldorado Partners*, 2009 WL 1312856, at *8–9). Here, Defendants attack the facts upon which subject matter jurisdiction is based—that

is, whether Plaintiff exhausted her claims against them. Accordingly, the Court may consider evidence outside of the pleadings without converting the motion to one for summary judgment.

### B. Plaintiff's claims under the ADA are time-barred.

Plaintiff brings claims for disability-related discrimination and retaliation under the NMHRA and the ADA in Counts I and III of her First Amended Complaint. (*See* FAC ¶¶ 19–26, 32–39.) Defendants move to dismiss both claims on the basis that they are time-barred due to Plaintiff's failure to exhaust her administrative remedies.

Both the NMHRA and the ADA require a plaintiff to exhaust her administrative remedies before she may file suit in court. *See Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007); *Brown v. FedEx Express Corp.*, No. CV 14-215 JCH/SCY, 2014 WL 12781294, at *2 (D.N.M. July 11, 2014); *Mitchell-Carr*, 980 P.2d at 71. "To exhaust administrative remedies, an individual claimant must: (i) timely file a charge of discrimination with [an appropriate agency] setting forth the facts and nature of the charge; and (ii) receive notice of the right to sue." *West v. N.M. Taxation & Revenue Dep't*, 757 F. Supp. 2d 1065, 1089 (D.N.M. 2010) (citations omitted). It is the first step—timely filing a charge of discrimination—that is at issue in this case.

The first step to exhaust administrative remedies under either statute is to file a written charge of discrimination form with either the EEOC or the NMHRB. *See id.* at 1088–89; *see also Campos*, 828 F. Supp. 2d at 1266 (describing the "work-sharing deferral system between the EEOC and the states that have their own employment discrimination legislation") (citation omitted). "To be timely, a plaintiff must file the charge with the EEOC within 180 days or with [the NMHRB] within 300 days of the complained-of conduct." *West*, 757 F. Supp. 2d at 1089 (citing *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321,

1327 (10th Cir. 1999); *Gunnell v. Utah Valley St. Coll.*, 152 F.3d 1253, 1260 n. 3 (10th Cir. 1998); 42 U.S.C. § 2000e-5(e)(1); 29 C.F.R. § 1601.13 (1998)); *see also* NMSA 1978 § 28-1-10(A).

Plaintiff acknowledges that she filed her Charge of Discrimination form with the NMHRB on October 7, 2016. (*See* Docs. 5-A at 1; 12 at 1.) Three hundred days prior to this date was December 12, 2015. It is well-established that the statute of limitations for cases under both the NMHRA and ADA begins "to run from the date the plaintiff learns of the adverse employment action." *Slusser*, 306 P.3d at 529–30 (gathering cases); *West*, 757 F. Supp. 2d at 1088. Plaintiff learned of the adverse employment action—her termination—on December 11, 2015. Accordingly, she was required to file her Charge of Discrimination form with the NMHRB no later than October 6, 2016, 300 days after December 11, 2015. Plaintiff admits that she filed the form a day later than she should have. (Doc. 15 at 8.)

> **1. The Court will dismiss Plaintiff's ADA claim due to her failure to timely file the charge of discrimination form.**

Plaintiff states that had she "realized that she had remembered her terminated date incorrectly, she would have likely not even filed a claim under the ADA, knowing that the federal equitable tolling provisions are more rigid and the federal constitution is less protective than the New Mexico constitution." (Doc. 12 at 6.) In an attempt to reverse Defendants' proper removal of this matter, Plaintiff filed a "Notice of Dismissal of her Discrimination Claim Under the Americans with Disabilities Act," seeking to dismiss her claim under the ADA pursuant to Fed. R. Civ. P. 40(1)(A)(i). (*See* Doc. 11.) As a plaintiff has no right to dismiss a claim under Rule 40, the Court presumes that Plaintiff intended to cite Rule 41(a)(1)(A). *See* Fed. R. Civ. P. 41(a)(1)(A).

The Court will strike Plaintiff's "Notice" from the docket, however, as Plaintiff has no right to dismiss only part of her claims pursuant to Rule 41(a)(1)(A). *See Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 322 (D.N.M. 2014 (noting that "Rule 41(a) refers to dismissing 'an action,' and not to dismissing individual claims or causes of action[,]" thus "none of rule 41(a)[']s methods . . . can be used to dismiss individual claims within an action") (citing Fed. R. Civ. P. 41 (title of rule), 41(a)(1)(A), 41(a)(2)). Plaintiff acknowledges her mistake and asks the Court to construe her "Notice" instead as a motion to amend. (*See* Doc. 15 at 1–2.) The Court will deny this request, as well as her later-filed motion to amend (*see* Doc. 16), because neither document complies with this Court's local rules, which provide that "[a] proposed amendment to a pleading must accompany the motion to amend." D.N.M. LR-Civ. 15.1.

Instead, as Plaintiff does not argue that the time limit to file her charge of discrimination form should be equitably tolled with respect to her federal claim, the Court finds that she has waived any response to Defendants' motion to dismiss the federal claim, and the Court will grant Defendants' motion with respect to Count III. The Court dismisses Plaintiff's claim under the ADA with prejudice.

### 2. The Court will remand Plaintiff's state law claims.

With respect to her claim brought pursuant to the NMHRA, Plaintiff acknowledges that she filed her Charge of Discrimination form one day past the deadline. (*See* Docs. 12 at 1–2; 15 at 5–9.) She argues, however, that the time limit for filing the form should be equitably tolled because she did not realize until December 12, 2015, that the Hospital had terminated her due to her disability. (*See* Doc. 15 at 8 (citing Doc. 12-A ¶ 3).) Equitable tolling "operates to suspend the statute of limitations in situations where circumstances beyond a plaintiff's control prevented the plaintiff from filing in a timely manner." *Slusser*, 306 P.3d at 528 (citing *Ocana v. Am.*

10

*Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004)). While the Court finds Plaintiff's arguments on this issue far-fetched, the Court declines to exercise supplemental jurisdiction over her remaining state law claims and will grant her motion to remand.

"Under 28 U.S.C. § 1367(a), 'in any civil action of which the district courts have original jurisdiction, [a] district court [ ] shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Armijo v. New Mexico*, No. CIV 08-0336 JB/ACT, 2009 WL 3672828, at *4 (D.N.M. Sept. 30, 2009) (quoting 28 U.S.C. § 1367(a)). The court may decline to exercise supplemental jurisdiction under § 1367 in certain circumstances, including where "the district court has dismissed all claims over which it has original jurisdiction . . . ." *Id.* (quoting 28 U.S.C. § 1367(c)). "The Supreme Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged it." *Id.* (discussing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966); *Bd. of Cty. Comm'rs v. Geringer*, 297 F.3d 1108, 1115 n.6 (10th Cir. 2002)). "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (internal citations omitted)).

Defendants urge the Court to exercise supplemental jurisdiction over Plaintiff's state law claims, because Defendants have "expended considerable resources" to remove and defend the case in federal court. (*See* Doc. 15 at 5–6.) Defendants also assert that Plaintiff's attempts to dismiss her federal claim amount to manipulation of the forum. (Doc. 17 at 6.) The Court agrees that Plaintiff's "Notice" appears to be an attempt to manipulate the forum. After considering "the values of judicial economy, convenience, fairness, and comity[,]" however, the Court finds that it

need not exercise jurisdiction over the remainder of Plaintiff's claims. *See Henderson*, 412 F. App'x at 79 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). As the Supreme Court noted in *Carnegie-Mellon*, "the balance of these factors indicates that a case properly belongs in state court [where] the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain . . . ." 484 U.S. at 350 (citation omitted).

The Court understands that Defendants have put time and energy into removing this case based on Plaintiff's federal claim, but there is still "work left to be done." *See Salazar v. San Juan Cty. Det. Ctr.*, 301 F. Supp. 3d 992, 1004 (D.N.M. 2017). "The state court, when possible, should decide" matters of state law. *Id.* (citing *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)). While the Court believes that Plaintiff has failed to meet her burden to demonstrate that equitable tolling applies on her NMHRA claim, she also brings two other counts under state law (one for common law retaliatory discharge and one for punitive damages) that Defendants fail to discuss in their motion to dismiss. As it is necessary for the Court to remand at least those two state law claims, it makes sense to remand *all* of Plaintiff's state law claims for the state court to decide. Accordingly, the Court will deny the remainder of Defendants' motion to dismiss and will grant Plaintiff's motion to remand.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 5) is **GRANTED IN PART** and Plaintiff's federal claim is dismissed with prejudice. The remainder of Defendants' motion to dismiss is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Dismissal of her Discrimination Claim Under Americans with Disabilities Act (Doc. 11) is **STRICKEN** from the record;

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Remand of the Remaining State Claims to State Court (Doc. 12) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend her First Amended Complaint, to Withdraw all Federal Claims Against all Defendants, Filed in the Alternative to Plaintiff's Notice of Voluntary Dismissal (Doc. 16) is **DENIED**;

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Eighth Judicial District Court, County of Taos, State of New Mexico.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE